UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | CRIMINAL NO. 3:97-CR-249 (RNC) |
| | : | |
| EWAN BRYCE, | : | |
| | : | |
| Defendant. | : | |

RULING AND ORDER

In February 2001, following a remand from the Court of Appeals, petitioner was resentenced for a narcotics conspiracy to 240 months' imprisonment, the statutory maximum, based on a finding that he had murdered a confidential informant in an attempt to avoid being convicted.[1] In October 2000 — after the remand but before the resentencing — a federal jury had acquitted petitioner of the murder. Petitioner has moved to vacate his sentence pursuant to 28 U.S.C. § 2255 on the grounds that (1) he was denied effective assistance of counsel by his attorney's failure to request resentencing before the murder trial and (2) his sentence is constitutionally defective under United States v. Booker, 543 U.S. 220 (2005). For the reasons that follow, the motion is denied.

---

[1] See United States v. Bryce, 141 F. Supp. 2d 269 (D. Conn. 2001), aff'd, 287 F.3d 249 (2d Cir. 2002), cert. denied, 537 U.S. 884 (2002).

1

I.   Background

In December 1997, a federal grand jury returned a two-count indictment charging petitioner with conspiracy to possess with intent to distribute, and to distribute, cocaine, see 21 U.S.C. § 846, and possession with intent to distribute, and distribution of, cocaine, see 21 U.S.C. § 841(a)(1).  In March 1998, Jermaine Fitzpatrick, a confidential informant in the case, was murdered.  The case proceeded to trial, a jury found petitioner guilty on both counts, and he was sentenced to concurrent terms of 124 months' imprisonment.

Petitioner challenged both counts of conviction on appeal.  On August 24, 1999, the Court of Appeals affirmed the judgment on the conspiracy count, reversed the judgment on the possession and distribution count, and remanded for resentencing.  See United States v. Bryce, 208 F.3d 346 (2d Cir. 1999).  On being informed of the remand, this Court set a date for the resentencing but the government moved for a continuance pending the outcome of a petition for rehearing in the Court of Appeals and the motion was granted.  In due course, the rehearing petition was denied and the mandate issued.

On October 13, 1999, while the petition for rehearing was pending, petitioner was indicted by a federal grand jury for killing Fitzpatrick with the intent to prevent him from testifying at trial, see 18 U.S.C. § 1512(a)(1)(A), and with the

intent to retaliate against him for providing information to law enforcement officers, see 18 U.S.C. § 1513(a)(1)(B). Petitioner's attorney did not request that the resentencing on the narcotics conspiracy conviction take place before the murder trial. On October 6, 2000, a jury acquitted petitioner on both counts.

Following the acquittal, the Court scheduled the resentencing hearing for December 20, 2000. Petitioner's attorney filed a memorandum in advance of the hearing requesting that the initial sentence of 124 months be reduced. The government responded that the initial sentence should be increased to the statutory maximum because petitioner murdered Fitzpatrick. The Court invited further briefing by the parties and deferred the imposition of sentence.

On February 23, 2001, the Court imposed the statutory maximum sentence of 240 months based on a finding that petitioner murdered Fitzpatrick as alleged by the government. See Bryce, 141 F. Supp. 2d 269. As I explained at the time, the evidence in the record before me established petitioner's responsibility for the murder by at least a preponderance of the evidence, even though the evidence presented at the murder trial did not convince the jury of his guilt beyond a reasonable doubt. Because the evidence in the record before me easily satisfied the lesser standard of proof, imposition of the statutory maximum was called for under the Sentencing Guidelines, as the government

3

correctly claimed.

II. Discussion

A. Ineffective Assistance of Counsel

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-part test for evaluating claims of ineffective assistance of counsel. To obtain relief, a defendant must show that his counsel's performance was seriously deficient. Id. at 687. In addition, he must show that the deficient performance prejudiced his defense, resulting in an outcome that is unreliable or fundamentally unfair. Id. A defendant's burden under this test is "heavy." Eze v. Senkowski, 321 F.3d 110, 112 (2d Cir. 2003).

1. Deficient Performance

Under Strickland, an attorney's performance is measured against a standard of objective reasonableness. Id. at 688. Courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. However, decisions made after incomplete investigations are reasonable only "to the extent that reasonable professional judgments support the limitations on investigation." Id. at 691; see also Greiner v. Wells, 417 F.3d 305, 320 (2d Cir. 2005) (decisions resulting from incompetence or negligence may not be accorded the presumption that they were "strategic"), cert. denied, 126 S. Ct. 1363 (2006).

4

Petitioner claims that his attorney's performance was deficient because he permitted the resentencing to be delayed until after the murder trial. In support of this claim, he offers evidence showing that his attorney did not realize that the sentence for the narcotics conspiracy could be increased based on evidence of petitioner's involvement in the murder and therefore performed no legal research on the issue. (See Doc. #125, Gimpel Decl.) In light of this, petitioner argues, his attorney's failure to request resentencing before the murder trial should not be accorded deference, and the Court must assess the reasonableness of his counsel's failure to conduct relevant legal research. See Wiggins v. Smith, 539 U.S. 510, 523 (2003).

Under Strickland, I need not decide whether the performance of petitioner's attorney was deficient in the manner alleged before taking up the issue of prejudice. See 466 U.S. at 697. Rather, I can assume for purposes of this petition that a reasonably competent attorney would have (1) realized that the sentence for the narcotics conspiracy could be enhanced if the Court were persuaded by a preponderance of the evidence that petitioner killed Fitzpatrick, (2) conducted legal research on the issue, and (3) taken steps to have the resentencing completed before the murder trial began. Accordingly, I make these assumptions and turn to the issue of prejudice.

2. <u>Prejudice</u>

To satisfy the prejudice prong of <u>Strickland</u>, petitioner has the burden of establishing "a reasonable probability that, but for [his] counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694. This requires petitioner to show that if his attorney had pressed to have the resentencing completed before the start of the murder trial, there is a reasonable probability that he would have succeeded and the sentence would not have been increased. Petitioner has not made this showing.

If petitioner's attorney had moved to have the resentencing completed in advance of the murder trial, it is very likely that the government would have successfully moved for a continuance. In support of such a motion, the government could have persuasively argued that a continuance would enable the government to rely on the murder trial record to support a motion for an increase in the sentence for the narcotics conspiracy while protecting petitioner from having to reveal his defense to the murder charge in advance of the trial. A continuance would have made sense from my standpoint as the sentencing judge because, if petitioner were convicted of the murder, he could be sentenced on the related murder and narcotics counts at the same time and, in the event of an acquittal, I would have the trial

6

record to assist me in determining the appropriate sentence.[2]

Petitioner contends that if his attorney had asked me to conduct the resentencing before the murder trial, the government would have acquiesced because it did not realize that the sentence for the narcotics conspiracy could be enhanced based on the murder. While such a possibility cannot be excluded, I do not think it can be regarded as a reasonable one. The resentencing could have occurred no earlier than April 2000, following the issuance of the Court of Appeals' mandate. By that time, the government was convinced that petitioner had brutally murdered its confidential informant. It is difficult to imagine that the government's competent lawyer would have failed to identify the murder as relevant aggravating conduct at a resentencing held before the murder trial.

Petitioner further contends that the government would not have moved to increase his sentence before the murder trial because disclosing evidence at that stage could have jeopardized its murder prosecution. This argument overlooks the fact that in August 2000 the government moved for a pretrial hearing to prove that petitioner was responsible for Fitzpatrick's murder in order to introduce Fitzpatrick's statements at trial. See generally

---

[2] Granting a continuance would not have violated petitioner's right to a speedy sentencing. See Bryce, 287 F.3d at 256 (concluding that the delay between the remand and the resentencing did not violate petitioner's rights).

7

United States v. Mastrangelo, 693 F.2d 269, 273 (2d Cir. 1982). The Mastrangelo hearing required the government to prove the murder by a preponderance of the evidence -- the same standard that would have applied at the resentencing.[3]

After careful consideration, I conclude that petitioner's claim of prejudice is too speculative to be sustained.[4] In reaching this conclusion, I am guided by the Supreme Court's observation that "the ultimate focus of [an ineffective assistance of counsel] inquiry must be on the fundamental

---

[3] At both Mastrangelo and sentencing hearings, the government can sustain this burden of proof using hearsay evidence, see 693 F.2d at 273; United States v. Fatico, 579 F.2d 707, 713 (2d Cir. 1978), although in sentencing hearings the hearsay evidence must be corroborated by other evidence, see Fatico, 579 F.2d at 713. This casts further doubt on petitioner's claim that the government would have refrained from seeking an increase in his sentence prior to the murder trial.

[4] The difference between reasonable probability and speculation is illustrated by Mask v. McGinnis, 233 F.3d 132 (2d Cir. 2000). The prosecutor offered the defendant a plea bargain of ten years to life, believing that she could not lawfully offer him a more favorable sentence because he was a violent persistent felon. Id. at 136. The defendant's attorney failed to ascertain that his client did not qualify as a violent persistent felon. Id. The defendant rejected the offer and was convicted. Id. On habeas review, the Second Circuit found a reasonable probability that the attorney's error prejudiced the defendant because the record suggested that "the prosecutor would have made a better plea offer had she not felt that she was bound by the mandatory violent persistent felon provision" and because the disparity in sentences supported an inference that the defendant would have accepted a lower offer. Id. at 142. Here, by contrast, there are no factual allegations or record evidence from which to infer that, had petitioner's counsel requested an earlier resentencing, the government might well have refrained from moving for a continuance or an enhancement. Instead, petitioner merely speculates about the government's hypothetical response.

8

fairness of the proceeding whose result is being challenged." Strickland, 466 U.S. at 696. Petitioner does not claim that the enhancement is unfair because, for instance, his counsel failed to discover powerful mitigating evidence, see Wiggins, 539 U.S. at 534-38, deprived him of his right to decide whether to accept a desirable plea bargain, see Boria v. Keane, 99 F.3d 492, 496-98 (2d Cir. 1996), aff'd on rehrg. 90 F.3d 36 (2d Cir. 1996), cert. denied 117 S. Ct. 2508 (1997), or failed to inform him of case law invalidating most of the indictment, thereby rendering his plea bargain extremely unfavorable, see United States v. Loughery, 908 F.2d 1014, 1019 (D.C. Cir. 1990). Rather, he contends that the sentence he received is unfair because, had his counsel appreciated the risk of an increased sentence, he might have succeeded in outmaneuvering the government to prevent the imposition of a valid sentence enhancement. This is not the type of unfairness that justifies the extraordinary remedy of habeas corpus.

B. Booker

In United States v. Booker, the Supreme Court held that the Sentencing Guidelines violate the Sixth Amendment to the extent that they require judges to increase sentences above the statutory maximum based on facts, other than prior convictions, not found by a jury beyond a reasonable doubt. 543 U.S. at 224. The Court of Appeals has decided that the rule announced in

Booker "does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that Booker issued." Guzman v. United States, 404 F.3d 139, 141 (2d Cir. 2005), cert. denied 126 S. Ct. 731 (2005).[5] The court reached this conclusion after determining that Booker established a new rule of criminal procedure that was not dictated by the Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004). See 404 F.3d at 142. The Court of Appeals also determined that this new procedural rule is not "a watershed rule 'implicating the fundamental fairness and accuracy of the criminal proceeding.'" Id. at 142-43 (quoting Schriro v. Summerlin, 542 U.S. 348, 352 (2004)). Petitioner's conviction became final on October 7, 2002, when the Supreme Court denied certiorari -- well in advance of Booker.

---

[5] The other courts of appeals unanimously agree with this conclusion. See Cirilo-Munoz v. United States, 404 F.3d 527, 532-33 (1st Cir. 2005); Lloyd v. United States, 407 F.3d 608, 610 (3d Cir. 2005), cert. denied, 126 S. Ct. 288 (2005); United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005); United States v. Gentry, 432 F.3d 600, 604 (5th Cir. 2005); Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005), cert. denied, 126 S. Ct. 199 (2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005), cert. denied, 125 S. Ct. 2559 (2005); Never Misses a Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005); United States v. Cruz, 423 F.3d 1119, 1120 (9th Cir. 2005), cert. denied, 126 S. Ct. 1181 (2006); United States v. Bellamy, 411 F.3d 1182, 1186-87 (10th Cir. 2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005), cert. denied, 126 S. Ct. 312 (2005); In re Zambrano, 433 F.3d 886, 889 (D.C. Cir. 2006).

Petitioner argues that, although Booker was not dictated by Apprendi, it was dictated by Ring v. Arizona, 536 U.S. 584 (2002), in which the Supreme Court held that juries, not sentencing judges, must find the aggravating factors justifying imposition of the death penalty, see id. at 609. Because his conviction became final after Ring, petitioner argues, the Booker rule is not "new" as applied to him even though it was "new" as applied to Guzman, whose case became final after Apprendi but before Ring. However, in Guzman, the Second Circuit held that Booker was not dictated by Blakely, which came after Ring.[6] In addition, other appellate decisions holding Booker to be a new rule involved convictions that became final after Ring. See, e.g., Morris, 429 F.3d at 68 (June 2003); Bellamy, 411 F.3d at 1186 (May 2003); Lloyd, 407 F.3d at 610 (May 2003). No court has made the distinction petitioner urges here. Accordingly, I conclude that Booker does not afford relief to defendants, like petitioner, whose convictions became final before Booker, regardless of whether their convictions preceded or followed Ring.

III. Conclusion

For the foregoing reasons, petitioner's motion to vacate his

---

[6] In a letter to the court, petitioner referred to this part of the Guzman ruling as gratuitous dictum. Although the Court of Appeals' reference to Blakeley may technically have been dictum, I find its reasoning persuasive, and all other courts of appeals have reached the same conclusion.

11

sentence pursuant to 28 U.S.C. § 2255 [Doc. #125] is hereby denied.

So ordered.

Dated at Hartford, Connecticut this 25th day of July 2007.

_____/s/_____
Robert N. Chatigny
United States District Judge